NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MY CANARY LLC, et al., | : | CIVIL ACTION NO. 14-5030 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| CESSNA AIRCRAFT COMPANY, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** — (1) My Canary LLC ("MCLLC"); (2) Richard Bodee; and (3) Chicago Aviation, Inc. ("CAI") — brought this action on August 11, 2014, to recover damages for breach of contract against the following defendants: (1) Cessna Aircraft Company ("CAC"); (2) Cessna Service Direct, LLC, improperly named as Textron Aviation ("CSDLLC"); (3) Susieair, LLC ("SLLC"); and (4) Scott Bender.  (See dkt. entry no. 1, Compl.; see also dkt. entry no. 14, CSDLLC Disclosure Statement.)  The plaintiffs assert subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) ("Section 1332(a)(1)").  (See Compl. at 2.)

**THE COURT** intends to dismiss the complaint without prejudice, because the plaintiffs' allegations are deficient on several grounds.  See Fed.R.Civ.P. 12(h)(3) (instructing district court to dismiss complaint if subject-matter jurisdiction is lacking).

**THE PLAINTIFFS** properly allege CAI's Illinois citizenship.  (See Compl. at 2 (alleging CAI is Illinois corporation with Illinois principal place of business).)  See 28 U.S.C. § 1332(c)(1); VICI Racing v. T-Mobile USA, 763 F.3d 273, 282 (3d Cir. 2014).

**BUT THE PLAINTIFFS** fail to properly allege MCLLC's citizenship. They allege, without more, that MCLLC "is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located [in] Brick, New Jersey". (Compl. at 1.) But limited liability companies are unincorporated associations. They are deemed to be citizens of the states in which all of their members are citizens, not the states in which they were formed and have their principal places of business. See VICI Racing, 763 F.3d at 282 (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)). The citizenship of each membership layer must be traced and analyzed to determine the citizenship of a limited liability company. See Zambelli Fireworks Mfg. Co., 592 F.3d at 420. The name and citizenship of each member must be specifically alleged. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly").

**THE PLAINTIFFS** also fail to allege Bodee's citizenship. They merely allege that Bodee "is an individual with a principal place of business located [in Illinois]". (Compl. at 1.) An allegation as to where a person has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's subject-matter jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162–63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**THE PLAINTIFFS** also fail to allege CAC's citizenship. They merely allege that CAC is a Delaware corporation with its principal place of business in Kansas "[o]n

2

information and belief". (Compl. at 2.) An allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties". Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999).

**THE PLAINTIFFS** also fail to allege CSDLLC's citizenship and SLLC's citizenship. (See Compl. at 2.) The plaintiffs fail to trace and analyze the citizenship of each membership layer, and fail to specifically allege the name and citizenship of each member. (See supra p. 2 (discussing citizenship of limited liability companies).)

**THE PLAINTIFFS** also fail to allege Bender's citizenship. (See Compl. at 2.) They merely allege where Bender has a place of business. (See supra p. 2 (discussing manner in which a person's citizenship is invoked).)

**THE PLAINTIFFS** have failed to show that complete diversity of citizenship exists here. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 88–89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the complaint without prejudice to the plaintiffs to exercise one of two options. The plaintiffs may recommence the action in state court within thirty days, as the limitations period for the cause of action is tolled by the filing of a federal complaint. See Jaworowski v. Ciasulli, 490 F.3d 331, 333–36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191–95 (1980). Or the plaintiffs may move within thirty days in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in this Court, and simultaneously file supporting documentation:

(1) listing each member — including each non-managing and non-individual member — within MCLLC, CSDLLC, and SLLC on August 11, 2014, and analyzing the citizenship of each member within MCLLC, CSDLLC, and SLLC as it existed on August 11, 2014;

(2) demonstrating which states Bodee and Bender were citizens of specifically on August 11, 2014;

(3) demonstrating CAC's citizenship on August 11, 2014; and

(4) demonstrating that the Court has subject-matter jurisdiction under Section 1332(a)(1).

**IF THE PLAINTIFFS** opt to move to reopen in federal court, then they will do so at their own peril; the Court will not further extend the thirty-day period to proceed in state court. The plaintiffs are also advised that jurisdiction is measured "against the state of facts that existed at the time of filing", and thus they must explicitly allege citizenship as it existed on August 11, 2014. Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the complaint. The Court advises the plaintiffs that an allegation as to where any person resides, is licensed, or has a place of business will not properly invoke the Court's jurisdiction. See McNair v. Synapse Grp., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating allegation as to residency is "jurisdictionally inadequate" in

action brought under Section 1332(a)(1)); see also O'Brien v. Nowicki, 490 Fed.Appx. 506, 508 n.2 (3d Cir. 2013) (stating "[o]f course, citizenship and residency are not synonymous").

**THE COURT** will deny a motion to reopen if the plaintiffs make: (1) any allegations that are based upon information and belief; (2) any assertions that are not specific (e.g., citizen of "a state other than New Jersey"); or (3) a request for time to discern jurisdiction.  The plaintiffs should have ascertained subject-matter jurisdiction before choosing to bring the action in this Court.  As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).  The plaintiffs' "lack of care in invoking the District Court's jurisdiction is regrettable".  McNair, 672 F.3d at 219 n.4.  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: December 22, 2014